**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

| | |
|---|---|
| SAM M. TWAL, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> ALBERTO Y. VASQUEZ GOMEZ, *et al.*, <br><br> Defendants. | Civil Action No. 25-8775 (MAS) (RLS) <br><br> **MEMORANDUM OPINION** |

**SHIPP, District Judge**

      This matter comes before the Court on Defendant United Financial Casualty Company's ("United" or "Defendant")[1] partial Motion to Dismiss (ECF No. 4) Plaintiffs Sam M. Twal ("Twal") and Caterina Twal's (collectively, "Plaintiffs") Complaint (ECF No. 1-2). Plaintiffs opposed Defendant's motion (ECF No. 16) and Defendant did not reply. The Court has carefully considered the parties' submissions and decides the matter without oral argument pursuant to Local Civil Rule 78.1. For the reasons stated below, the Court grants Defendant's Motion to Dismiss.

---

[1] Defendant notes that Plaintiffs incorrectly identify United as "Progressive" in the Complaint. (*See* Compl., ECF No. 1-2 (naming "Progressive" as defendant); *but see* Ex. C to Compl. (noting that the policy is underwritten by United); *see also* Not. of Removal ECF No. 1 ("United Financial Casualty Company . . . incorrectly identified as "Progressive").) Plaintiffs do not directly dispute United's assertion. (*See generally* Pls.' Opp'n Br., ECF No. 16.) For the purpose of this Memorandum Opinion, the Court will refer to United instead of Progressive.

## I. BACKGROUND[2]

### A. Factual Background

On or about May 15, 2023, Twal was operating a vehicle which stopped in traffic in East Brunswick, New Jersey. (Compl. ¶ 1, ECF No. 1-2.) Twal was injured when a vehicle driven by Defendant Alberto Y. Vasquez Gomez ("Gomez") struck the rear of Twal's vehicle and pushed it into the vehicle in front of him. (*Id.* ¶¶ 1-2.) The vehicle driven by Gomez was owned by Freddy Javier Pascal Estevez ("Pascal"), Axel Logistics LLC ("Axel"), and John Does 1-10, and insured by United and ABC Corps 1-25. (*Id.* ¶¶ 18-21.) Axel further employed Gomez. (*Id.* ¶ 4.)

### B. Procedural Background

Plaintiffs initially brought this case in the Law Division of the New Jersey Superior Court, Middlesex County, New Jersey, and United removed the case to this Court invoking its diversity jurisdiction. (Notice of Removal, ECF No. 1.) The Complaint includes six causes of action: (1) negligence against Gomez as an agent of Pascal and Axel ("Count One"); (2) negligence against John Does 1-10 ("Count Two"); (3) a breach of motor vehicle statutes and other regulations constituting a statutory tort against Gomez, Pascal, Axel, and John Does 1-10 ("Count Three"); (4) a violation of Pennsylvania Code 32.11(d) and 75 against United and ABC Corps 1-25 ("Count Four"); (5) a breach of motor vehicle statutes and other regulations constituting a statutory tort and breach of insurance statutes against all defendants ("Count Five"); and (6) loss of consortium against all Defendants ("Count Six"). (Compl. ¶¶ 1-25.)

On June 16, 2025, United filed the instant Motion to Dismiss. (Defs.' Mot to Dismiss, ECF No. 4.) Plaintiffs opposed the Motion. (Pls.' Opp'n Br.)

---

[2] For the purpose of considering the instant motion, the Court accepts all factual allegations in the Complaint as true. *See Phillips v. County of Allegheny*, 515 F.3d 224, 228 (3d Cir. 2008).

## II.     LEGAL STANDARD

Federal Rule of Civil Procedure[3] 8(a)(2) "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)).

A district court conducts a three-part analysis when considering a motion to dismiss under Rule 12(b)(6). *See Malleus v. George*, 641 F.3d 560, 563 (3d Cir. 2011). First, the court must identify "the elements a plaintiff must plead to state a claim." *Ashcroft v. Iqbal*, 556 U.S. 662, 675 (2009). Second, the court must identify all of the plaintiff's well-pleaded factual allegations, accept them as true, and "construe the complaint in the light most favorable to the plaintiff." *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (citation omitted). The court can discard bare legal conclusions or factually unsupported accusations that merely state the defendant unlawfully harmed the plaintiff. *See Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555). Third, the court must determine whether "the [well-pleaded] facts alleged in the complaint are sufficient to show that the plaintiff has a 'plausible claim for relief.'" *Fowler*, 578 F.3d at 211 (quoting *Iqbal*, 556 U.S. at 679). A facially plausible claim "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 210 (quoting *Iqbal*, 556 U.S. at 678). On a Rule 12(b)(6) motion, the "defendant bears the burden of showing that no claim has been presented." *Hedges v. United States*, 404 F.3d 744, 750 (3d Cir. 2005) (citing *Kehr Packages, Inc. v. Fidelcor, Inc.*, 926 F.2d 1406, 1409 (3d Cir. 1991)).

---

[3] All references to "Rule" or "Rules" hereafter refer to the Federal Rules of Civil Procedure.

## III. DISCUSSION

United makes three primary arguments in support of dismissing the Complaint as it relates to the counts asserted against it: (1) Plaintiffs do not have a direct cause of action against an alleged tortfeasor's insurer; (2) there is no direct cause of action against insurers based upon an insurer's purported failure to comply with motor carrier safety regulations; and (3) the issues Plaintiffs raise are not ripe because United does not owe a duty to indemnify unless and until there is a settlement or judgment against its insured.[4] (*See generally* Def.'s Moving Br., ECF No. 4-1.) Specifically, United argues that Plaintiffs, as third parties to the insurance policy, do not have a direct cause of action against United under either New Jersey (where the accident took place) or Pennsylvania (where the vehicle was insured) law. (*Id.* at 4-7.)

In response, Plaintiffs argue that: (1) Defendant's motion is premature because no discovery has been exchanged between the parties; and (2) they anticipate that the insureds will assign their contractual rights to proceed against United at some point in the future. (Pl.'s Opp'n Br. 3-5.)

Plaintiffs' claims against United fail under both New Jersey and Pennsylvania law. Under New Jersey law, "an individual or entity that is 'a stranger to an insurance policy has no right to recover the policy proceeds.'" *Ross v. Lowitz*, 120 A.3d 178, 189 (N.J. 2015) (quoting *Gen. Accident Ins. Co. v. N.Y. Marine & Gen. Ins. Co.*, 727 A.2d 1050, 1052 (N.J. Super. Ct. App. Div. 1999)). Moreover, "unless [an] insured has assigned [its] contract rights, [a] third party may not proceed against [the] insurer." *Id.* at 190 (citing *Maertin v. Armstrong World Indus.*, 241 F. Supp. 2d 434, 453-54 (D.N.J. 2002)).

---

[4] The counts asserted against United are: Count Four, a violation of Pennsylvania Code 32.11(d) and 75; Count Five, a breach of motor vehicle statutes and other regulations constituting a statutory tort and breach of insurance statutes; and Count Six, loss of consortium.

Under Pennsylvania law, "absent a permissive statute or policy provision, a tort claimant cannot maintain a direct action against the insurance company" "based upon the alleged negligence of one of its policyholders." *Nails v. Amguard Ins. Co.*, No. 23-557, 2023 WL 5163286, at *4 (M.D. Pa. July 10, 2023) (first quote quoting *Mallalieu-Golder Ins. Agency, Inc. v. Exec. Risk Indem., Inc.*, 254 F. Supp. 2d 521, 525 (M.D. Pa. 2003)), *R & R adopted*, No. 23-557, 2023 WL 5351990 (M.D. Pa. Aug. 21, 2023); *see also Richman, Berenbaum & Assoc., P.C. v. Carolina Cas. Co.*, No. 02-3195, 2002 WL 1895900, at *4 (E.D. Pa. Aug. 14, 2002) ("Under Pennsylvania law, a tort claimant is not a third-party beneficiary of an insurance contract between a tortfeasor and its insurer and, absent [a] permissive statute or policy provision, cannot maintain a direct action against the insurance company.").

Here, Plaintiffs, as tort claimants, are strangers to the insurance policy and have no right to recover against United absent an assignment of rights. (*See generally* Compl.); Ross, 120 A.3d at 189; *Gen. Accident Ins. Co.*, 727 A.2d at 1052; *Nails*, 2023 WL 5163286, at *4; *Carolina Cas. Co.*, 2002 WL 1895900, at *4. Plaintiffs argue that they "anticipate that the insureds will assign benefits to . . . Twal to proceed against [Defendant] directly[.]" (Pls.' Opp'n Br. 6.) Plaintiffs, however, fail to cite, and the Court has not identified, any authority that confers Plaintiffs standing to bring a cause of action based on an anticipated assignment of benefits. (*See generally* Pls.' Opp'n Br.) Plaintiffs, additionally, have failed to cite any authority that demonstrates Plaintiffs have standing, as third parties to the policy, to bring an action against an insurance company for failing to provide the statutorily required minimum coverage to an insured. (*See generally* Pls.' Opp'n Br.) Finally, United is correct that it does not owe a duty to indemnify unless and until there is a settlement or judgment against its insured. *See, e.g., Nautilus Ins. Co. v. Motel Mgmt. Servs., Inc.*, 320 F. Supp.

3d 636, 640 (E.D. Pa. 2018) ("A duty to indemnify does not arise until the insured is found liable for a covered claim."), *aff'd*, 781 F. App'x 57 (3d Cir. 2019)).

Plaintiffs, accordingly, have failed to state a claim against United, and the Court grants United's Motion to Dismiss the claims against it.

## IV.   CONCLUSION

For the reasons set forth herein, United's Motion to Dismiss is granted. The Court will issue an Order consistent with this Memorandum Opinion.

/s/ Michael A. Shipp
**MICHAEL A. SHIPP**
**UNITED STATES DISTRICT JUDGE**

Dated:  12/22/  , 2025